WILLIAM (his X mark) TAYLOR.
Signed, sealed and delivered in the presence of Martin Nelson, Mary Nelson, and Mary Edwards.
May Court, 1765: ordered to be registered.'"
That Sarah, the daughter, afterwards intermarried with Daniel Neal, the plaintiff's intestate; that the said Sarah died about the year 1775, and the said Daniel soon afterwards; that William Taylor, the donor, died in the year 1794, and Dinah, the wife of the donor, died in the year 1795; that the said William Taylor and Dinah, his wife, continued in the possession of the said negro until their deaths. The jury pray the advice of the Court, if the plaintiff be entitled to recover. *Page 251 
As this property never vested in possession during the coverture of the plaintiff's intestate with his wife, Sarah, he could only have recovered in the event of his surviving the donor and his wife, by taking out administration upon his deceased wife's effects. And even then the property would have been assets in his hands to pay the debts of his wife, contracted while she was sole. Upon his death, his administrator can recover at law only such things whereof he might have acquired the possession in his own right, and not those which he was compellable to pursue in a representative character. The administrator of the wife, therefore, is the proper person to bring this action; and when the property is recovered, it will be liable, as before, to the legal claims against the wife, and the residue belongs to the representatives of the husband as her next of kin. (297)
Cited: Weeks v. Weeks, 40 N.C. 120.
NOTE. — See the case brought by the administrator of the wife against the same defendant, 3 N.C. 183, and the cases referred to in the second note thereto.